## O. A Smith, Appellant, v. David F. Lawley et al., Appellees.

1. EVIDENCE—*when in civil case must establish defense beyond reasonable doubt.* In actions of tort when a criminal offense is charged in the pleadings and must be established to sustain the cause of action or to maintain the defense, the presumption of innocense arises and the crime charged must be proven by evidence which removes every reasonable doubt of guilt.

2. SPECIAL INTERROGATORIES—*must pertain to issues.* A special interrogatory should not be given to the jury which constitutes a departure from the true issues involved.

Action for malicious prosecution. Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

GEORGE B. FOSTER and G. A. STULTZ, for appellant.

W. R. CURRAN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit brought by O. A. Smith against David F. Lawley, Frank J. Wilkins and Josephine Copes to recover damages for alleged malicious prosecution, abuse of criminal process and conspiracy. The declaration alleges in substance that plaintiff was an attorney at law practicing his profession in the city of Pekin; that defendants conspiring together to injure the plaintiff in his good name, profession and business, did on February 11, 1907, appear before the grand jury and then and there falsely and maliciously and without any reasonable or probable cause, charge plaintiff as such attorney with having failed and refused on January 31, 1907, to turn over, less his proper charges, upon demand by the defendant, Josephine Copes, the sum of $134.21, to which she was then entitled, and which had been collected by plaintiff as such

attorney, and then and there wrongfully charged the plaintiff with wrongful withholding, embezzling and stealing said money from the said Josephine Copes, whereby the said grand jury returned a true bill of indictment against plaintiff, etc.; that said defendants caused said indictment to be certified to the County Court of Tazewell county and caused the clerk of said County Court to issue a criminal capias for the arrest of the plaintiff, and did thereby wrongfully, maliciously and without any reasonable or probable cause procure the plaintiff to be arrested and restrained of his liberty until he could secure bond; that said defendants did maliciously from time to time cause misleading accounts of said proceedings and charges to be wrongfully published in newspapers in said community and did cause the plaintiff to be taken before the County Court for trial upon said indictment; that upon the trial of said criminal charge against the plaintiff, the said County Court adjudged and determined that plaintiff was not guilty of the offense charged, and then and there caused plaintiff to be discharged from custody fully acquitted of the offense charged in said indictment; that the defendants have not further prosecuted said complaint against the plaintiff, but have abandoned the same and said complaint is wholly ended and determined in favor of the plaintiff. To this declaration the defendants filed five special pleas wherein in varying phraseology they averred certain facts in justification. The plaintiff filed his replications to said plea, and to the replication to the fifth plea, which replication concluded with a verification, the defendants filed their rejoinder concluding to the country. Upon the trial, at the close of the plaintiff's evidence, the court instructed the jury to find the defendant Frank J. Wilkins not guilty, and thereafter upon a consideration of the evidence the jury returned a verdict finding the defendants not guilty, as also their answers to two special interroga-

tories submitted at the instance of defendants, as follows:

"Did the plaintiff, O. A. Smith, as a loan agent acting for Josephine Copes, the defendant, embezzle the sum of $134.21, the property of said Josephine Copes?" Answer—Yes.

"Did the plaintiff, A. O. Smith, as an attorney at law, acting for the defendant Josephine Copes, embezzle the sum of $134.21, the property of said Josephine Copes?" Answer—No.

Upon the verdict so returned judgment was entered against plaintiff for costs. The facts disclosed by the evidence insofar as the same are pertinent to the consideration of this appeal, are substantially as follows:

On February 1, 1905, Josephine Berry, now Josephine Copes, one of the defendants, entered into an ante-nuptial contract with one W. F. Copes, whereby in consideration of their marriage and the release by W. F. Copes of all rights in her property and the payment to her of one-half of the amount to be realized on a certain life insurance policy for $1,000 on his life she released all rights in his property and agreed that the money so paid to her should be her sole and full allotment out of his estate by reason of the marriage relation. This contract was drafted by the plaintiff as the attorney for W. F. Copes. On July 25, 1905, one F. C. Pauley called upon the plaintiff for the purpose of negotiating a loan for $300 and plaintiff had an interview with W. F. Copes with reference to procuring the money. Under an arrangement whereby the plaintiff divided his commission on the loan with W. F. Copes, the latter procured the amount from his wife, Josephine Copes, one of the defendants, and a note therefor was executed by said Pauley and by plaintiff as surety, bearing date July 28, 1905, payable to Josephine Copes three months after date. Upon the maturity of the first note the loan was subsequently renewed by giving new notes therefor. W. F. Copes died September 29, 1906, leav-

ing his last will and testament, whereby he bequeathed
to his wife, Josephine, the sum of $1,000 in addition
to the provision made for her in the ante-nuptial con-
tract, and whereby he appointed his granddaughter,
Eugenia Bequeaith, his executrix. Josephine Copes
accepted the provisions of the will and Eugenia Be-
queaith was duly appointed executrix by the County
Court of Tazewell county. At the time of his death
W. F. Copes was a member of the Independent Order
of Odd Fellows and shortly thereafter the officers of
the local lodge of said order paid to Josephine Copes,
as the widow of said deceased member, the sum of
$90, as a funeral benefit to be expended for funeral
expenses. Eugenia Bequeaith, who resided with her
grandfather and who after his death continued to re-
side with the defendant, Josephine Copes, was em-
ployed in the office of the plaintiff as a stenographer,
and after her appointment as executrix the plaintiff
acted as her attorney and legal adviser. On or about
January 27, 1907, the defendant, Josephine Copes,
either at her own instance or upon the request of plain-
tiff, went to the office of plaintiff with the note of $300
executed by F. C. Pauley, and which was then about to
mature, for the purpose of collecting the same. The
evidence tends to show that the plaintiff then offered
to collect the note at once and pay over the proceeds
to Josephine Copes, but that as she desired to go to
a funeral she directed the plaintiff upon making the
collection to give the same to Eugenia Bequeaith for
delivery to her. The plaintiff took the note to Pauley,
the maker, and received the latter's check, payable to
the plaintiff for the sum of $300 in payment of the
note, and plaintiff then endorsed the check and deliv-
ered the same to Eugenia Bequeaith. Thereafter
Eugenia Bequeaith consulted the plaintiff regarding
the liability of Josephine Copes to pay her the sum
of $90, being the amount of funeral benefit heretofore
mentioned, upon the ground that the funeral expenses
of W. F. Copes had been paid by her as executrix out

of the funds of the estate, and also as to the liability of said Josephine Copes to pay to her the sum of $44.21, claimed to be due her upon a personal account for household expenses, and further consulted plaintiff regarding her right to withhold said amounts aggregating $134.21 from the amount of the check for $300 then in her hands for delivery to said Josephine Copes. Plaintiff advised Eugenia Bequeaith that Josephine Copes was not entitled to retain for her own use the funeral benefit amounting to $90, and that she (Eugenia Bequeaith) had the right to deduct said amount, together with the sum of $44.21 claimed to be due upon her personal account, from the amount of said check. Thereupon Eugenia Bequeaith deposited the check for $300 in the bank as a credit on her personal account and made her check payable to the order of Josephine Copes for $165.79, which check, together with her receipt as executrix for $90 and her personal receipt for $44.21, making in all $300, she delivered to Josephine Copes. After repeated efforts on the part of the defendants, Josephine Copes and David F. Lawley, the latter acting as her attorney, to collect from the plaintiff the sum of $134.21 so withheld by Eugenia Bequeaith, the plaintiff was indicted and brought to trial for the crime of embezzlement and acquitted as alleged in the declaration.

The trial court did not err in giving to the jury a peremptory instruction to find the defendant, Frank J. Wilkins, not guilty. Wilkins appears to have been merely a passive listener to certain conversations between the plaintiff and the other defendants, and was called as a witness to testify to such conversations.

A careful consideration of the voluminous evidence as it appears in the record in this case persuades us that the defendants, Josephine Copes and David F. Lawley, were fully advised that the $134.21 in question was not retained by the plaintiff for his own use, but that he paid the entire proceeds of the collection of the Pauley note to Eugenia Bequeaith as the

agent of the defendant Josephine Copes, and that said amount was retained by the said Eugenia Bequeaith under the circumstances heretofore stated. The plaintiff and Eugenia Bequeaith both testified that when Josephine Copes brought the Pauley note to plaintiff's office she directed the plaintiff to turn over the proceeds of the note to Eugenia Bequeaith to deliver to her (Josephine Copes). The receipts for $90 and $44.21, the former signed by Eugenia Bequeaith as executrix, and the latter signed by her in her personal capacity, were in the possession of Josephine Copes and were seen by the defendant Lawley, and upon their face they bore evidence of the fact that' said sums of money were retained not by the plaintiff, but by Eugenia Bequeaith.

Franklin L. Velde, chairman of the grievance committee of the Tazewell county bar association, testified that the defendant Lawley interviewed him with reference to making a complaint against the plaintiff, and that Lawley then informed him that the money in question had been retained by Miss Bequeaith, and that Mrs. Copes had authorized the payment of the money or the check, which was the proceeds of the Pauley note, to Miss Bequeaith.

Charles Schaefer, state's attorney of Tazewell county, testified that the defendant Lawley told him that Mrs. Copes had been requested to bring the Pauley note to the plaintiff's office, and that when she went there with the note plaintiff said he would collect the money from Pauley and send it to her by Eugenia Bequeaith; that she, Mrs. Copes, left the note there and shortly thereafter Miss Bequeaith came home and gave Mrs. Copes a check and two receipts which papers Lawley then had with him; that Lawley then referred him to section 79 of the Criminal Code in relation to embezzlement by attorneys; that he asked Lawley why Mrs. Copes did not bring a civil suit to recover the money, and Lawley stated that the reason he did not do it was because of a direction in the will of W. F. Copes

to the effect that if a contest was made by the widow she would lose the amount of her bequest under the will.

While the evidence discloses some conduct on the part of the plaintiff in relation to the transaction which is not wholly creditable to him, it also discloses facts and circumstances tending to show that the defendants, David F. Lawley and Josephine Copes, were primarily concerned in an effort to collect the money which Mrs. Copes claimed had been wrongfully withheld from her, and that the reason for the resort to criminal proceedings against the plaintiff was the apprehension that a civil action to recover the money from Miss Bequeaith would operate in some way as a contest of the will of W. F. Copes whereby Mrs. Copes might forfeit the bequest to her.

Upon the pleadings as framed, together with a special interrogatory submitted to the jury, two issues were presented relating to the guilt or innocence of the plaintiff of criminal offenses: First, the embezzlement of $134.21 as agent, and second, the embezzlement of said sum of money as an attorney at law. By several instructions given at the instance of the defendants the jury were informed in substance that they would be authorized to find the plaintiff guilty of one or the other of said criminal offenses upon proof of the same by a preponderance of the evidence. In this respect these instructions were erroneous and highly prejudicial to the plaintiff. The rule in this state, except as modified by statute, in actions of slander or libel, is that when a criminal offense is charged in the pleadings and must be established to sustain the cause of action, or maintain the defense, the presumption of innocence arises and the crime charged must be proven by evidence which removes every reasonable doubt of guilt. People v. Sullivan, 218 Ill. 419.

Insofar, however, as the pleadings in this case raise the issue of the guilt of the plaintiff of the crime of embezzlement they constitute a departure from the

true issues involved, and the special interrogatories
heretofore mentioned should not have been submitted
to the jury.

The judgment of the Circuit Court will be reversed
and the cause remanded.

*Reversed and remanded.*